Kimberly-Claire E. Seymour, OSB No. 201588
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
Kimberly_Seymour@fd.org

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK E. WRIGHT,<br><br>Defendant. | Case No. 6:25-cr-00171-MC<br><br>DEFENDANT'S SENTENCING MEMO-RANDUM<br><br>Sentencing: April 28, 2026 at 10:00 AM |

Mr. Wright's actions were wrong. There is no excuse or justification for his conduct, and none is offered here. For roughly six months, while working in a position of trust at the post office, he opened mail and stole cash and gift cards sent to or from members of his community. That conduct was deceitful, selfish, and damaging.

The harm Mr. Wright caused goes beyond the dollar amount he stole. People trust the United States mail to send their private correspondence, gifts, and valuables through a system that depends on the honesty of its workers. By stealing from the mail, Mr. Wright violated the privacy of his neighbors and shook their confidence in

Page 1 — DEFENDANT'S SENTENCING MEMORANDUM

this vital institution. That breach of trust makes this offense serious, and Mr. Wright does not minimize it.

Accountability in this case has not been delayed until sentencing. Mr. Wright fully disclosed his misconduct to investigators and resigned from his position at the post office. He will come before the Court to apologize and admit publicly that he is guilty of stealing from his community—a necessary step in repairing the harm he caused.

Another critical step toward repair is restitution, and Mr. Wright has taken seriously his obligation to make the victims whole. Over time, he saved and contributed funds to an account controlled by the Clerk. Mr. Wright's deposits satisfy the full amount of losses and are ready for immediate return to the victims. PSR ¶ 18.

A third step is service. Broken trust is not repaired in private or in a secluded jail cell; it is rebuilt through visible, sustained effort. A sentence of supervision with a substantial community service requirement allows the community to see Mr. Wright actively doing good for the neighbors he failed. He agrees with U.S. Probation that 300 hours of volunteer service over a three-year period of probation is a substantial, appropriate condition. Mr. Wright has already identified local organizations that need help driving veterans to medical appointments and stocking and sorting items at the thrift store. A sentence prioritizing service will require time, discipline, humility, and consistency, placing Mr. Wright in a position of giving back, week after week, to the community he harmed.

The government seeks a 90-day jail sentence. That proposal creates an unwarranted sentencing disparity between Mr. Wright and the vast majority of defendants (over 75%) who receive non-custodial sentences for similar conduct. *See* PSR Sentencing Recommendation at p. 2. Furthermore, a jail sanction seriously undermines the long-term, durable goals of sentencing. Mr. Wright lives in a small, rural community of 2,700 residents with limited employment opportunities and was fortunate to find work after losing his position at the post office. If he is jailed, he will lose his current job, and the resulting instability—loss of income, routine, and structure—will make it more difficult for him to remain law-abiding, complete community service, and rehabilitate from his mistakes. Mr. Wright's permanent designation as a felon is a lasting and serious consequence that will further disrupt his ability to find future employment if jailed.

Mr. Wright is 44 years old and has spent the vast majority of his life following the law, raising a family, and living productively. He is a "zero-point offender" with a single misdemeanor digression from over 20 years ago. PSR ¶¶ 39, 44. He has demonstrated that he is well-suited for community supervision, having no problems during nearly 12 months of pretrial release on his own recognizance. PSR ¶ 18. Mr. Wright's continued employment has allowed him to make full restitution and restore the victims' financial losses. He has inquired with community-based organizations to find opportunities to build trust through acts of service and is committed to completing 300 service hours. Probation is not an act of leniency, but a sentence that imposes substantial restrictions on Mr. Wright's freedom, with the ever-present risk that any

violation could result in revocation and imprisonment. In the context of this offense and this defendant, that structure is a more demanding and constructive sanction than a jail term that would disrupt Mr. Wright's employment and undermine the stability required to contribute to the community through acts of service.

For these reasons, Mr. Wright echoes the recommendation of U.S. Probation and respectfully requests that the Court impose a within-Guideline sentence of 3 years' probation, including a 300-hour community service requirement.

Respectfully submitted: April 22, 2026.

s/Kimberly-Claire E. Seymour
Kimberly-Claire E. Seymour
Assistant Federal Public Defender